UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE SCOTT,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.
_____/

Case No. 15-cv-11250
Hon. Matthew F. Leitman

**<u>ORDER (1) GRANTING RESPONDENT'S MOTION FOR ORDER TO TRANSFER PETITION TO THE SIXTH CIRCUIT COURT OF APPEALS (ECF #11) AND (2) TRANSFERRING HABEAS PETITION (ECF #1) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

In 1993, a state court jury convicted Petitioner Danielle Scott ("Scott") of first-degree murder and possession of a firearm during the commission of a felony. Scott now challenges those convictions in a petition for a writ of habeas corpus. (*See* ECF # 1, the "Petition").

The Petition is the second federal habeas petition Scott has filed challenging his convictions. Scott filed his first habeas petition on August 11, 2000, in the United States District Court for the Western District of Michigan. (*See* ECF # 11-2 at 4, Pg. ID 163.) That court dismissed the first petition because Scott failed to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). (*Id.*)

1

Respondent has filed a Motion to Transfer the Petition to the Sixth Circuit Court of Appeals (the "Motion to Transfer"). Respondent argues that the Petition is a second or successive petition and that Scott must obtain an order from the Sixth Circuit authorizing this Court to consider his Petition. (*See* ECF #11 at 2, Pg. ID 151.)

Under 28 U.S.C. § 2244(b)(3)(A), "state prisoners seeking to file a second or successive request for a writ of habeas corpus . . . must request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997). A district court lacks jurisdiction over a second or successive habeas petition until the appropriate court of appeals authorizes the petitioner to file a collateral attack on his or her conviction in a district court. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) ("[U]nder AEDPA, [petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it."). When a prisoner files a second or successive habeas petition in a district court, "the district court shall transfer the document to [the appropriate court of appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d at 47.

Scott concedes that the Petition is a "second or successive" habeas petition. The Petition's title reads, in pertinent part, "*Successive* Motion Based on Retroactivity," and he specifically states that "a defendant may file a *second or subseguent* [sic] motion based on a retroactive change in the law (under the exception rule)." (*See* ECF # 1 at 15, Pg. ID 15 (emphasis added).) Because the Petition is a second or successive petition, this Court lacks jurisdiction over it at this time. Accordingly, the Court (1) **GRANTS** Respondent's Motion to Transfer (ECF #11), and (2) **TRANSFERS** the Petition to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

3